United States District Court
Southern District of Texas

**ENTERED**

June 30, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Sean Smith, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-1470 |
| | § | |
| NEWREZ LLC DBA | § | |
| SHELLPOINT MORTGAGE | § | |
| SERVICING, AND BANK OF | § | |
| NEW YORK MELLON, TRUSTEE | § | |
| FOR CWABS ASSET-BACKED | § | |
| CERTIFICATES TRUST 2005 | § | |
| BCS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

On April 1, 2025, the Court scheduled an initial scheduling conference and ordered Plaintiff to properly serve Defendants (ECF No. 3). *See* FED. R. CIV. P. 4(m) (requiring defendant(s) to be served within 90 days after the filing of the complaint). The Court advised Plaintiff that failure to comply could result in the case being dismissed. (ECF No. 3 at 1). The parties were ordered to confer and file a joint discovery/case management plan ("JDCMP") not less than ten (10) days before the initial scheduling conference. (*Id.*). The Court rescheduled the initial conference for September 3, 2025. (ECF No. 7).

Plaintiff failed to confer on the JDCMP (ECF No. 9 at 1), failed to submit a joint proposed scheduling order, and failed to appear at the initial scheduling

conference. During the initial scheduling conference, Defendants informed the Court that Plaintiff failed to participate with them in preparation of the JDCMP. (ECF No. 12).

As such, the Court issued a Show Cause Order, ordering Plaintiff to show cause in writing as to why this case should not be dismissed under Federal Rule of Civil Procedure ("Rule") 37 within fourteen (14) days from the date of the Order. (*Id.* at 1). The Court advised that should Plaintiff fail to show cause in writing, the Court would recommend the case be dismissed without prejudice. (*Id.*).

Plaintiff has failed to comply with the Court's Order. By failing to comply with the Court order, Plaintiff has prevented this action from proceeding. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice. *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL 9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*, No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024) ("Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.").

Due to Plaintiff's failure to comply with a Court order, the Court **RECOMMENDS** the case be **DISMISSED WITHOUT PREJUDICE**. If this

2

recommendation is adopted, the Court further **RECOMMENDS DENYING AS MOOT** Defendants' Motion to Extend Dispositive Motion Deadline (ECF No. 13) and Defendants' Motion for Judgment on the Pleadings (ECF No. 14).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 29, 2026.

Richard W. Bennett
United States Magistrate Judge